# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> CHD RACINE HOTEL LLC; <br> BROOKLYN DEPREZ; ROGIEROSS <br> CALMA; JOHN DOES 1-10, <br> ABC INSURANCE COMPANY; and <br> XYZ INSURANCE COMPANY, <br><br> Defendant. | Case No.: <br><br> Jury Trial Demanded |

## COMPLAINT

NOW COMES Plaintiff Jane Doe, by her attorneys, Cade Law Group LLC, and as and for her Complaint against Defendant CHD Racine Hotel LLC, Rogieross Calma, John Does 1-10 and ABC Insurance Company (collectively "Defendants", unless otherwise noted) alleges and shows to the Court as follows:

### INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) (1) and (3), as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex undertaken by Defendants, and to provide appropriate relief to Plaintiff.

2. Sexual harassment is a form of sex discrimination that violates Title VII. Unwelcome sexual advances and other verbal or physical conduct of a sexual nature constitute sexual harassment to the extent it affects an individual's employment, unreasonably interferes with an individual's work performance, or creates an intimidating,

1

hostile, or offensive work environment. This action seeks to provide appropriate relief to Plaintiff on this basis.

3. Title VII also bars retaliation against employees who seek to correct unlawful employment practices on the basis of sex undertaken by Defendants. This action seeks to provide appropriate relief to Plaintiff on this basis.

4. As alleged with greater particularity below, Defendants engaged in unlawful employment discrimination against Plaintiff on the basis of her sex, and/or harassed and/or tolerated sexual harassment against her, and/or retaliated against her under Title VII.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

6. This Court has supplemental jurisdiction over any other state law claims Plaintiff could make, pursuant to 28 U.S.C. §1367, because it would form part of the same case or controversy as the aforementioned claims.

7. Venue in this judicial district is proper, by virtue of 28 U.S.C. §1391, as Plaintiff worked for Defendant CHD Racine Hotel LLC International, Inc. in Racine, Wisconsin, which is in the Eastern District of Wisconsin, and Defendant CHD do business in the Eastern District of Wisconsin.

2

## PARTIES

8. Plaintiff is an adult female citizen of the State of Wisconsin and resides in Racine, Wisconsin. Plaintiff is named and identified by a fictitious name because, as noted in this complaint, she was the victim of a sexual assault by one of the named defendants. Plaintiff subsequently will file a motion with the Court to allow her to keep her personal information and name anonymous.

9. Defendant CHD Racine Hotel LLC ("CHD") is, and was at all material times, a North Carolina for-profit corporation registered and authorized to do business in the State of Wisconsin, for the purposes of operating at least one hotel in the State of Wisconsin, including the "Delta Hotels By Marriott Racine" hotel, in Racine, Wisconsin. CHD's principal office is located in 6115 Corporate Ridge Rd., in Raleigh, North Carolina. Its registered agent in the State of Wisconsin is Pradeep Sharma, whose address for service of process is 7111 Washington Ave, in Racine, Wisconsin.

11. Defendant Brooklyn DePrez ("DePrez), upon information and belief, is an adult citizen and resident of the State of Wisconsin and Plaintiff's supervisor at "Delta Hotels by Marriott Racine" hotel in Racine, Wisconsin. Upon information and belief, DePrez's last known address is 1328 Arthur Avenue, Racine, WI 53405

13. Defendant Rogieross Calma ("Calma") is an individual who is a permanent resident of the State of Texas who was, at all material times, a temporary resident of the State of Wisconsin and the manager of the "Delta Hotels By Marriott Racine" hotel, in Racine, Wisconsin. Upon information and belief, Calma's last known address is 1616 N. Western Ave., Unit 4A, Chicago, IL 60647.

14. Defendant John Does 1-10, upon information and belief, are adult citizens of the State of Wisconsin and employees of CHD, and are responsible for the health, safety, security, welfare, and humane treatment of all employees of CHD including Plaintiff. Their identities are unknown precisely. The Complaint will be amended to identify them by names when their identities are discovered.

15. Defendant ABC Insurance Company ("ABC") is believed to be and is believed to have been at all material times, an insurance company that had in place a policy or policies which insured, totally or partially, Defendant CHD for any or all liability for their actions against Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Plaintiff has exhausted all of her required administrative remedies. She filed timely administrative charges of discrimination against CHD with the U.S. Equal Employment Opportunity Commission ("EEOC") and the State of Wisconsin Equal Rights Division ("ERD"). On September 14, 2021, Plaintiff filed a revised Charge of Discrimination. A true and correct copy of the revised Charge of Discrimination (**redacted** to protect Plaintiff's name) is attached hereto and incorporated herein as **Exhibit 1**.

18. On October 11, 2022, the EEOC issued a revised Notice of Right to Sue to Plaintiff, and this action was filed within 90 days after she received the Notice of Right to Sue. A true and correct copy of the (**redacted**) Notice of Right to Sue is attached hereto and incorporated herein as **Exhibit 2**.

## FACTS

19. Plaintiff first started working as a Front Desk Agent at the "Delta Hotels By Marriott Racine" ("Delta Marriott") hotel, in Racine, Wisconsin in July 2020.

20. When Plaintiff started working at Delta Marriott, she met Calma, who was the manager of the hotel, and lived on-site at the hotel. Plaintiff usually worked alongside Calma at the front desk. Plaintiff eventually became friends with Calma, although the relationship was always strictly platonic and non-sexual on her end. In fact, Calma knew that Plaintiff was in a committed relationship when she first started working at Delta Marriott, and that her boyfriend later passed away.

21. Sometime in September 2020, Plaintiff suffered a seizure while at work. Calma cradled her and walked her to a hotel room while she received first aid from paramedics. Plaintiff did not object to this physical contact, as she did not consider it sexual at the time, and she was thankful for Calma's assistance with her medical emergency.

22. However, after Plaintiff's seizure, Calma became much more aggressive and brazen in his demeanor towards her, particularly in terms of his physical contact with her. Calma repeatedly touched and hugged Plaintiff, kissed her head when greeting her, tried to hold her hand and put his arm around her waist, and offered her massages. He also stopped letting her leave early when work was slow, and seemingly found excuses to be in her presence all the time. For example, he had the two of them do room checks together, even at the risk of leaving the front desk unattended. Plaintiff's coworkers warned her that Calma was infatuated with her. Calma also began to buy gifts for Plaintiff, even when she expressly told him that this made her uncomfortable.

22. Plaintiff is a singer and a model, and a large portion of her social media content are therefore photos of her modeling clothing. In February 2021, she posted photos of her modeling some clothes on her public SnapChat page. There was nothing

risqué or sexual about these photos, yet Calma made a comment about her nipples to her. This comment outraged Plaintiff so much that she thought of quitting, and reported the incident to her supervisor, Brooklynn DePrez. Plaintiff told DePrez that she felt uncomfortable working with Calma. DePrez told Plaintiff that she would schedule her work hours to not coincide with Calma's.

23. However, when Plaintiff returned to work the following week, Calma purchased her food through the DoorDash application as a means of apologizing, and came down from the room in which he lived at Delta Marriott to chat with her. Plaintiff was mortified and upset that her employer had not taken measures to ensure that Calma did not come into contact with her anymore. A coworker noticed that Plaintiff looked shaken, and asked her what was wrong, but Plaintiff said nothing and tried to act normal.

24. Calma eventually went back to working with Plaintiff. His conduct did not change. He constantly looked for opportunities to be alone with Plaintiff, and constantly tried to touch, grab, or hold her. Fed up with Calma's behavior and her employer's seeming unwillingness to address it, Plaintiff quit her job in mid-April 2021.

25. However, Calma stayed in touch with Plaintiff. Plaintiff eventually decided to give her employer a second opportunity and see if Calma could change his demeanor, and she came back to work in early May 2021.

26. Sometime in late April 2021, Calma offered marijuana to Plaintiff, which impaired her judgment. Plaintiff vaguely remembers being in his room, where Calma offered to give her a back rub and asked to touch her breasts. Because Plaintiff's judgment was impaired from the marijuana, she did not object at that time, though she did object when she heard Calma trying to remove his pants. Plaintiff later woke up in

Calma's car, with him trying to force his hand down her pants. After the effects of the marijuana subsided, Plaintiff confronted Calma about the unwanted nature of these encounters, and he apologized and admitted that this sexual contact had been unwanted by Plaintiff.

27. On May 4, 2021, Plaintiff went to Calma's room to pick up a photo shoot backdrop that he had offered to iron for her. Calma offered her a back rub, but instead of massaging her back, continually tried to shove his hand down her pants. Plaintiff pushed his hand away, but Calma removed her underwear and forcefully penetrated her, even though she kept telling him to stop. Plaintiff bled as a result of the forced intercourse.

28. Plaintiff left and drove herself home, crying all the way there. When she got home, Calma called her on the phone. Plaintiff angrily told Calma that she had told him "no" over and over, and that he had still forced himself on her. Calma seemed shaken, tearfully admitted that Plaintiff had not consented to this intercourse, and apologized to her on several occasions, saying that he did not know what had come over him and why he had not been able to control himself. He called again the next day, and Plaintiff told him that she was quitting her job.

29. After keeping the horrific events of May 4 to herself for three days, out of shame, on May 7, 2021 Plaintiff decided to press charges against Calma. With the help of the Racine Police Department, Plaintiff called Calma and got him to admit, in a recorded phone call, that he had heard her saying "no" repeatedly while he was trying to have sex with her, but that he had not been able to control himself. Calma was arrested the next day and made the same admissions to the Police, and his case is currently pending before

the Wisconsin Circuit Court in Racine County. *See State of Wisconsin v. Rogieross Calma*, Racine County Case No. 2021-CF-000808.

30. Plaintiff underwent a physical examination after her unconsented sexual encounter with Calma, and subsequently learned that Calma had infected her with chlamydia.

31. As a direct cause of Calma's actions, Plaintiff suffered damages including, but not limited to emotional distress, physical harm, mental anguish, loss of reputation, medical expenses, attorney's fees, costs, and other expenses as allowed by law. She also had to seek professional help to deal the mental distress and anguish.

32. At no time during her employment with CHD did CHD offer counseling or any other assistance to Plaintiff for the emotional effects of the sexual assaults and assaults and battery by employee Rogieross Calma, assaults that were known to CHD .

33. At no time did Plaintiff consent to the harm perpetrated upon her by CHD and by their employee, Rogieross Calma, in connection with the actions alleged herein.

34. As a direct and proximate cause of the actions of Calma, which were reported to supervisors, Plaintiff is fearful of future acts of sexual assault and assault and battery in her place of employment and suffers frequent lapses in focus and concentration.

### COUNT I – SEX DISCRIMINATION AND SEXUAL HARASSMENT
### (AGAINST CHD RACINE HOTEL, LLC)

35. Plaintiff realleges and incorporates by reference the above paragraphs as if it were fully set forth herein.

36. Defendant CHD unlawfully discriminated against Plaintiff on the basis of her sex when it tolerated Calma's sexual harassment of Plaintiff and/or failed or

8

Case 2:23-cv-00020-LA   Filed 01/06/23   Page 8 of 16   Document 1

refused to timely and adequately investigate her internal complaint of sexual harassment, and/or failed or refused to timely and adequately address Calma's sexual harassment, and/or failed or refused to timely and adequately protect Plaintiff from Calma's sexual harassment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

37. Defendant CHD unlawfully discriminated against Plaintiff on the basis of her sex when it made decisions about her employment for reasons related to her sex in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

38. As a result of Defendant's intentional discrimination and/or sexual harassment, Plaintiff has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## COUNT II – HOSTILE WORK ENVIRONMENT
### (AGAINST CHD RACINE HOTEL, LLC)

39. Plaintiff realleges and incorporates by reference the above paragraphs as if it were fully set forth herein.

40. Defendant CHD unlawfully discriminated against Plaintiff on the basis of her sex when Calma engaged in a pattern of unwelcome sexual advances and/or other verbal or physical conduct of a sexual nature that unreasonably interfered with Plaintiff's work performance and/or created an intimidating, hostile, or offensive work environment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

41. As a result of Defendant's intentional discrimination and/or sexual

harassment, Plaintiff has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

### COUNT III – NEGLIGENT HIRING, TRAINING, AND SUPERVISION
### (AGAINST CHD RACINE HOTEL, LLC)

42. Plaintiff realleges and incorporates by reference the above paragraphs as if it were fully set forth herein.

43. CHD hired Calma. At all material times, Calma was an employee of CHD .

44. As of April 2021, CHD knew or reasonably should have known of Calma's propensities to sexually batter, threaten, harm, assault, and otherwise mentally, physically, and emotionally harass female employees, specifically Plaintiff.

45. Despite this knowledge, CHD allowed Calma to have access to Plaintiff without direct supervision, oversight, and/or monitoring during the course of her employment with CHD

46. Given Calma's propensity to sexually harass, batter, threaten, harm, assault, and otherwise mentally, physically, and emotionally injure female employees, CHD had a duty to Plaintiff to protect her and to otherwise ensure her safety from being assaulted by their employees and/or agents, including Calma, to prohibit Calma from privately interacting with Plaintiff, to adequately and appropriately investigate and act on all reasonable suggestions and information that Calma had the propensity to, and/or had actually, inappropriately touched Plaintiff in the course and scope of his employment with CHD and to properly hire, train, and supervise its employees, including Calma, to ensure Plaintiff's federal rights were protected under Title VII of the Civil Rights Act of 1964 as amended.

10

47. CHD breached their duty of care to Plaintiff.

48. But for the failure of CHD to properly hire, train, and supervise Calma, Plaintiff would not have suffered injury, great conscious pain and suffering, emotional distress, and other forms of damages.

49. As a result of the failure on the part of the agents, servants, and employees of CHD to provide the necessary training, supervision, and hiring of Calma, Plaintiff has sustained damages in an amount to be determined at trial.

**COUNT IV – CIVIL LIABILITY FOR SEXUAL ASSAULT
IN VIOLATION OF WIS. STATS. §940.225 (2)(b) and §940.225 (2)(c)
(AGAINST ROGIEROSS CALMA)**

50. Plaintiff realleges and incorporates by reference the above paragraphs as if it were fully set forth herein.

51. While under the influence of marijuana, Plaintiff was sexually assaulted by Calma. Plaintiff did not consent to Calma's actions.

52. Plaintiff contracted chlamydia and had to seek psychiatric services consequent to the assault. Plaintiff did not have chlamydia before she was sexually assaulted.

53. The conduct and actions of Calma including the sexual assault of Plaintiff constitutes an intentional and offensive touching of Plaintiff to which Plaintiff did not consent.

54. As a direct and proximate result of the intentional acts of Calma, Plaintiff experienced pain, suffering, mental anguish, physical injury, unnecessary medical care and expenses, lost wages, future wages, and was otherwise injured and damaged.

## COUNT V – CIVIL LIABILITY FOR BATTERY
## IN VIOLATION OF WIS. STATS. §940.19
## (AGAINST ROGIEROSS CALMA)

55. Plaintiff realleges and incorporates by reference the above paragraphs as if it were fully set forth herein.

56. Calma's intentional touching of Plaintiff in a sexual manner where Plaintiff could not consent to the sexual touching, and the sexual touching was harmful and offensive, constitutes battery under Wisconsin law.

## COUNT VI – RESPONDEAT SUPERIOR
## (AGAINST CHD RACINE HOTEL, LLC INTERNATIONAL, INC.)

57. Plaintiff realleges and incorporates by reference the above paragraphs as if it were fully set forth herein.

58. CHD is liable for the actions of Calma under a theory of respondeat superior.

59. At all material times, Calma was an employee and manager of CHD .

60. At all material times, Calma was acting within the scope of his employment and authority as a manager.

61. At all material times, Calma, while acting as a manager, also was guided by his desire to benefit his employer by directing Plaintiff in her job duties.

62. At all material times, CHD ,whether individually or collectively, had the ability to stop Calma from raping Plaintiff through a series of methods, such as employee counseling, employee guidance, performance improvement plan, or even termination.

63. In fact, CHD 's agent, Brooklyn DePrez, was aware that Calma was a threat, but failed to protect Plaintiff.

64. Under respondeat superior, CHD is strictly and/or vicariously liable for Calma's violation of Wis. Stat. § 940.225(2) (b) in that Rogieross Calma committed a sexual assault upon Plaintiff at a CHD worksite.

65. Under respondeat superior, CHD is strictly and/or vicariously liable for Calma's violation of Wis. Stat. §940.19 in that Rogieross Calma committed an assault and battery: offensive bodily contact upon Plaintiff at the CHD worksite.

## COUNT VII – DIRECT ACTION AGAINST INSURER
## PURSUANT TO WIS. STATS. § 628.48.
## (AGAINST ABC INSURANCE COMPANY)

66. Plaintiff realleges and incorporates by reference the above paragraphs as if it were fully set forth herein.

67. That at all material times hereto, Defendant ABC Insurance Company is subject to Wis. Stat. §628.46, the "timely payment of claims" statute.

69. That in the event ABC Insurance Company does not pay the amount set forth in Exhibit 3 within thirty (30) days hereof, it will be subject to the accrual of interest at the rate of 12% per annum until it ultimately makes said payment.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST BROOKLYN DEPREZ)

70. Plaintiff realleges and incorporates by reference the above paragraphs as if it were fully set forth herein.

71. At all material times, DePrez, was an employee of CHD and was acting within the scope of her employment and authority as supervisor of both Plaintiff and Calma.

72. DePrez, as Plaintiff and Calma's supervisor, was in control of the scheduling of when employees would work to perform their duties.

73. Despite Plaintiff telling DePrez about her concerns about Calma and DePrez's promises to not schedule Plaintiff and Calma to work at the same time.

74. At all material times, DePrez had the ability to stop Calma from raping Plaintiff through a series of methods, such as employee counseling, employee guidance, performance improvement plans, schedule changes, or even termination.

75. At all material times, DePrez's actions were intentional or reckless.

76. DePrez's conduct was extreme and outrageous. She had a number fo tools available to her to prevent putting Plaintiff and Calma on the same schedule, but purposefully failed to do so.

77. But for DePrez's purposeful failure to prevent scheduling Calma and Plaintiff for the same work shift, Plaintiff would not have been sexually assaulted.

78. DePrez's intentional and reckless conduct was the cause of Plaintiff's several emotional distress.

79. Plaintiff has been damaged in an amount to be determined at trial.

## COUNT IX – PUNATIVE DAMAGES
## (AGAINST ALL DEFENDANTS)

80. Plaintiff realleges and incorporates by reference the above paragraphs as if it were fully set forth herein.

81. Defendants ignored the long pattern of sexual harassment to which Calma subjected Plaintiff. Calma sexually assaulted Plaintiff. Defendant CHD were aware of Calma's conduct and the situations he subjected Plaintiff to and did nothing to address it. And Defendant DePrez knew about prior issues that Plaintiff had with Calma yet scheduled the two of them for the same shift, which led to the sexual assault.

82. Plaintiff tried to resolve the present case extrajudicially. She had

14

numerous conversations with Calma about his conduct and also spoke with management about she and Calma working opposite schedules.

83. Plaintiff is entitled to punitive damages because Defendants were reckless and malicious in discriminating and harassing against Plaintiff; tolerating the discrimination and harassment of Plaintiff; and/or ignoring Plaintiff's attempts to enact remedial measures that would have protected employees from harassment.

**RELIEF**

**WHEREFORE**, Plaintiff respectfully request that this Court:

a. Enter a judgment that Defendants violated Title VII of the Civil Rights Act of 1964, as amended;

b. Enter judgment against Defendants and in favor of Plaintiff for compensatory damages;

c. Enter judgment against Defendants and in favor of Plaintiff for monetary relief;

d. Enter judgment against Defendants and in favor of Plaintiff for punitive damages;

e. Order Defendant Delta Marriott to reinstate Plaintiff;

f. Award Plaintiff the costs of this action and reasonable attorney's fees; and

g. Grant Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by a jury of her peers on all issues of fact.

Dated this 6th day of January, 2023.

          **CADE LAW GROUP, LLC**
          Attorneys for Plaintiff

By:   *s/Nathaniel Cade, Jr.*
      Nathaniel Cade, Jr.
      Antonique Williams
      Annalisa Pusick
      P.O. Box 170887
      Milwaukee, WI 53217
      (414) 255-3802 (phone)
      nate@cade-law.com
      antonique@cade-law.com
      annalisa@cade-law.com