Neutral
As of: April 26, 2023 10:13 PM Z

# White v. Fincantieri Bay Shipbuilding

United States District Court for the Eastern District of Wisconsin

September 18, 2020, Decided; September 18, 2020, Filed

Case No. 19-C-946

**Reporter**
2020 U.S. Dist. LEXIS 170970 *; 2020 WL 5602926

RODNEY WHITE, Plaintiff, v. FINCANTIERI BAY SHIPBUILDING, et al., Defendants.

**Prior History:** White v. Fincantieri Bay Shipbuilding, 429 F. Supp. 3d 582, 2019 U.S. Dist. LEXIS 217259, 2019 WL 6896152 (E.D. Wis., Dec. 18, 2019)

**Counsel:** [*1] For Rodney White, Plaintiff: Larry J Britton, Britton & Associates SC, Mequon, WI.

For Fincantieri Bay Shipbuilding, Fincantieri Marine Group LLC, Defendants: Adam H McCabe, John A O'Donnell, Steven B Belgrade, Leahy Eisenberg & Fraenkel Ltd, Chicago, IL; Erik J Pless, Everson Whitney Everson & Brehm SC, Green Bay, WI.

For Keystone Shipping Co, Chas Kurz & Co Inc, Defendants: Markus E Apelis, Gallagher Sharp, Bulkley Building, Cleveland, OH; Paul D Galea, Gallagher Sharp LLP, Detroit, MI.

For Wawa Inc, Defendant: Emily L Stedman, Eric J Van Schyndle, Quarles & Brady LLP, Milwaukee, WI.

**Judges:** William C. Griesbach, United States District Judge.

**Opinion by:** William C. Griesbach

## Opinion

### DECISION AND ORDER GRANTING MOTION FOR JUDGMENT ON PLEADINGS

In this maritime action, Plaintiff Rodney White alleges he sustained significant personal injuries while working aboard a vessel on Lake Michigan as it was undergoing sea trials. Plaintiff sued Defendants Fincantieri Bay Shipbuilding, Fincantieri Marine Group LLC, Keystone Shipping Co., Chas. Kurz & Co., Inc., and Wawa, Inc., alleging claims that place this lawsuit within the court's admiralty jurisdiction. 28 U.S.C. § 1333. Presently before the court is Keystone and Chas. Kurz's motion for judgment [*2] on the pleadings. Keystone seeks dismissal of all of Plaintiff's claims except those brought under 33 U.S.C. § 901, et seq., the Longshore and Harbor Workers' Compensation Act (LHWCA). Chas. Kurz seeks dismissal of all of Plaintiff's claims. For the following reasons, the motion will be granted.

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the

pleadings have been closed. *Buchanan—Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)*. "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend, 163 F.3d 449, 452 (7th Cir. 1998)*. Courts apply the same standard in deciding a motion for judgment on the pleadings as they do in deciding a motion to dismiss. *Landmark Am. Ins. Co. v. Hilger, 838 F.3d 821 (7th Cir. 2016)*. The facts are viewed in the light most favorable to the non-movant. *Id.* To survive a motion to dismiss or for judgment on the pleadings, the challenged pleading must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009))*.

Plaintiff alleges he was injured while working aboard the M/V Millville as it was undergoing sea trials on Lake Michigan. According to Plaintiff, Keystone, a subsidiary of Chas. Kurz, planned to operate the Millville—a towing motor vessel that was constructed by Fincantieri Bay Shipbuilding, Inc.—for Wawa, **[*3]** Inc. Compl., Dkt. No. 1 at 2-3.

On or about November 10, 2017, Plaintiff was aboard the Millville as a technician employed by Engine Motor Inc. His work on the Millville involved the installation and testing of the steering system. *Id.* at 3-4. As the Millville began "hardover test maneuvers," Plaintiff claims he sustained serious injuries, including a herniated cervical disc and a closed-head injury. *Id.* at 4-6. Plaintiff alleges that Defendants were aware that the maneuvers caused a dangerous situation, but repeated the maneuvers anyway. *Id.* at 11.

Plaintiff alleged six claims arising out of his injuries sustained on the Millville: (1) negligence of the vessel under the LHWCA, *33 U.S.C. § 905(b)*; Unseaworthiness under the *Jones Act*, *46 U.S.C. § 30104*; (3) General Maritime Tort Law; (4) "'Respondeat Superior' Vicarious Liability"; (5) Wisconsin Common Law Negligence; and (6) Punitive Damages. In a previous decision in the case, I granted the motion for partial dismissal filed by Fincantieri Bay Shipbuilding and Fincantieri Marine Group LLC and dismissed Plaintiff's Jones Act claim and his Wisconsin Common Law Negligence claim. I held that the complaint failed to state a claim under the Jones Act because Plaintiff was not a seaman at the time of the **[*4]** accident and that the Wisconsin common law negligence claim was barred by the exclusive remedy provision of *§ 905(b)*. Dkt. No. 25. Although Plaintiff maintains his position that the complaint states a Jones Act claim and that his Wisconsin common law negligence claims is not barred, I remain convinced for the reasons set forth in my previous decision that both claims were properly dismissed. Accordingly, the dismissal of those claims as to all parties remains the law of the case.

Keystone also seeks dismissal of the remaining claims in Plaintiff's complaint, other than the *§ 905(b)* claim, and Chaz Kurz seeks dismissal of all claims, including the *§ 905(b)* claim, for failure to state a claim. The General Maritime Tort Law claim, to the extent it is not

encompassed within Plaintiff's claim under § 905(b), is barred by that section's exclusive remedy provision. Accordingly, Count III is dismissed.

"Respondeat Superior" is not a separate claim but is instead the legal doctrine under which employers are vicariously liable for torts committed by their employees while acting in the scope of their employment. See Wright v. N. Am. Terrazo, Civ. No. C12-2065 JLR, 2013 U.S. Dist. LEXIS 15672, 2013 WL 441517, at *2 (W.D. Wash. 2013) ("[R]espondeat superior [*5] is a means to impose vicarious liability on an employer for the acts of an employee, not a stand-alone cause of action"). So, Count IV is dismissed as well.

The same is true of punitive damages. Punitive damages are a form of relief that are available where a defendant is found to have committed a tort in a willful and wanton manner, not a stand-alone claim. See Weis v. Board of Regents of the University of Wisconsin System, 837 F. Supp. 2d 971, 975 (E.D. Wis. 2011) ("Plaintiffs' assertion of separate claims for punitive damages, and injunctive and declaratory relief are confusing. Punitive damages, injunctions and declarations are forms of relief or remedies, not stand-alone claims, and a plaintiff's right to any one of these remedies is dependent on proof of a cognizable claim or a legal theory entitling him to such relief."). In my earlier decision, I allowed Plaintiff's claim for punitive damages to remain in the case to the extent that such relief is available under the LHWCA. Denial of such relief is premature at this point, given the allegations that the defendants acted maliciously and/or in intentional disregard of Plaintiff's safety. Plaintiff's request for punitive damages therefore will remain in the case for now, though as a form of relief requested, as opposed to a separate [*6] claim.

Finally, Chas. Kurz seeks dismissal of all claims against it on the ground that it has no connection to the case, other than as the parent company of Keystone. Though hardly a model of clarity, no allegation of the complaint provides any basis for inferring that Chas. Kurz owed any duty to Plaintiff. Fincantieri is allegedly the shipbuilder still in possession at the time of the trial. Wawa is allegedly the owner, and Keystone the operator. Compl. ¶¶ 16-17. Chas. Kurz is identified only as the parent of Keystone. This is not enough to support even the inference that Chas. Kurz owed any duty to Plaintiff. Without more, Chas. Kurz should not be forced to incur the cost and expense of defending itself in a federal lawsuit. The complaint is therefore dismissed as to Chas. Kurz.

For the foregoing reasons, Keystone and Chas. Kurz's motion for judgment on the pleadings (Dkt. No. 27) is **GRANTED**. All claims are dismissed as to Chas. Kurz. All claims except for the claim under § 905(b) are dismissed as to Keystone and the remaining defendants, as well, with the understanding that Plaintiff's claim for punitive damages remains as an additional request for relief.

**SO ORDERED** at Green Bay, Wisconsin [*7] this 18th day of September, 2020.

/s/ William C. Griesbach

William C. Griesbach

United States District Judge

---

**End of Document**